# Birmingham Water Works Company v. Murray.

*Damages for Suspending Service.*

(Decided April 21, 1911.   55 South. 271.)

*Waters and Watercourses; Water Companies; Suspension of Service; Liability.*—The evidence in this case stated and examined and held insufficient to authorize a recovery against the water company as for wantonly suspending service.

[Birmingham Water Works Company v. Murray.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Jennie Murray against the Birmingham Water Works Company, for damages for suspending service paid for. Judgment for plaintiff and defendant appeal. Reversed and remanded.

LONDON & FITTS, for appellant. The court erred in its charge that a recovery could be had for wantonness and in refusing charge 2 requested by the defendant.— *R. R. Co. v. Foster*, 134 Ala. 244; *Swope's Case*, 155 Ala. 287; *Ga. Pac. v. Lee*, 92 Ala. 262; *Anniston P. W. v. Dickey*, 93 Ala. 421; *Mont. St. Ry. Co. v. Wright*, 142 Ala 674; *H. A. & B. Ry. Co. v. Maddox*, 100 Ala. 618; *R. R. Co. v. Marquis*, 103 Ala. 160; *B. Ry. Co. v. Bowers*, 110 Ala. 341; *A. G. S. v. Moorer*, 111 Ala. 642; *L. & N. v. Anchors*, 114 Ala. 492; *Wilkerson v. Searcy*, 75 Ala. 176.

STALLINGS, DRENNEN & JUDGE, for appellee. Counsel insist that there was no plea except the general issue and hence, the facts in mitigation or justification of damages could not be shown.—*Bir. W. W. Co. v. Vinter*, 51 So. 356; 5 Enc. P. & P. 773. Counsel discuss the question of wantonness and insist that there is no error in the instructions given or refused, but cite no authority in support of their contention.

PER CURIAM.—This suit is by the appellee against the appellant, for damages resulting from the defendant's act in turning off the water from plaintiff's residence, after she had paid for the use of the water. The plaintiff testified that the defendant's collector informed her that he had been ordered to turn off the water; that she told him she had paid her water rent, and he

asked for her receipt, but she could not find it, and told
him that she could not get it until her daughter return-
ed from school; that said collector requested her to
bring the receipt over to the office when her daughter
returned, and she refused to do so, telling him to go to
the office and correct the mistake, and he cut the water
off. The defendant introduced a witness who testified
that the person who owned the house in which the plain-
tiff lived owned several houses in the locality, and that
"in transferring the numbers from the ledger * * * the
meter belonging to the plaintiff's house was, by mistake,
put opposite the description of the location of one of
the other houses, and the meter number for the house
afterwards occupied by plaintiff was put opposite the
description of another of the three houses built by Cald-
well & Spencer"; that the water rent for the other house
was not paid, and by this mistake the book was made
to show that plaintiff's water rent had not been paid,
and on account of this mistake the servant of defendant
was ordered to cut off the water from plaintiff's house.

The second count of the complaint charges "that the
water was willfully and wantonly cut off." There was
no evidence tending to support said count.—4 Mayfield's
Dig. pp. 299, 300; 6 Mayfield's Dig. pp. 660, 661. There
was no evidence tending to show that the servant who
turned the water off knew that plaintiff had paid her
water rent. Even the negligence was "back of that."—
*K. C., M. & B. R. R. Co. v. Foster,* 134 Ala. 244, 257, 32
South. 773, 92 Am. St. Rep. 25. Consequently there
was no occasion for charging on the subject of willful
and wanton conduct, and the court erred in refusing to
give charge 2, requested by the defendant, to wit: "If
you believe the evidence, you cannot find for the plain-
tiff under the second count of the complaint"

[Donahoo & Matthews v. Tarrant.]

It is unnecessary to consider other exceptions. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

NOTE.—The above opinion was prepared by Mr. Justice Simpson of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.